**UNITED STATES OF AMERICA,**
**Plaintiff—Appellee,**

v.

**Michael James WATKINS, Defendant—**
**Appellant.**

No. 04–50166.
D.C. No. CR–03–00937–JFW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 6, 2005.

Decided June 8, 2005.

Jaime Guerrero, Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

James H. Locklin, FPD, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before B. FLETCHER, RYMER, and FISHER, Circuit Judges.

### MEMORANDUM *

Michael James Watkins appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), following a guilty plea. Watkins challenges the district court's denial of his request for a hearing in accordance with *Franks v. Delaware,* 438 U.S. 154, 155–56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Watkins also argues that his sentence should be vacated and he should be resentenced. *See United States v. Booker,*

—— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We affirm the conviction and grant a limited remand of Watkins's sentence in accordance with *United States v. Ameline,* 409 F.3d 1073, —— – ——, slip op. at 26–29 (9th Cir.2005) (en banc).

### A

We review de novo the district court's denial of a *Franks* hearing. *United States v. Reeves,* 210 F.3d 1041, 1044 (9th Cir. 2000). We review a district court's "findings whether any statements were false or omitted and whether any such statements were intentionally or recklessly made" for clear error. *United States v. Elliott,* 322 F.3d 710, 714 (9th Cir.2003). The district court's determination whether probable cause is lacking because of alleged misstatements or omissions in the supporting affidavit is reviewed de novo. *Reeves,* 210 F.3d at 1044; *Elliott,* 322 F.3d at 714.

We agree with the district court's determination that a *Franks* hearing is not necessary in this case. Specifically, if we were to assume that Schlueter intentionally or recklessly omitted information from his affidavit and we supplemented the affidavit with the purportedly omitted information, the supplemented affidavit would still provide a judge with a substantial basis for concluding that probable cause existed to search Watkins's hotel room. *See United States v. Chavez–Miranda,* 306 F.3d 973, 979–80 (9th Cir.2002); *United States v. Whitworth,* 856 F.2d 1268, 1280–81 (9th Cir.1988).

In light of this conclusion, we need not address the district court's determination that the officers who searched Watkins's hotel room were entitled to good faith reliance on the search warrant. *See United States v. Leon,* 468 U.S. 897, 923–24,

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); *United States v. Tate*, 795 F.2d 1487, 1490 (9th Cir.1986).

**B**

Because Watkins did not challenge his sentence on Sixth Amendment grounds in the district court, we grant a limited remand in accordance with *United States v. Ameline*, 409 F.3d 1073, ———–———, slip op. at 26–29 (9th Cir.2005) (en banc). Watkins agrees that he wishes to pursue a limited remand.

AFFIRMED IN PART; REMANDED IN PART.